

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable James E. Kilday
Director, Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1264
Re: Whether under facts stated J. H.
Robinson Truck Lines may be re-
routed.

We received your letter of August 10, 1939, wherein you submit to us the following facts:

The J. H. Robinson Truck Lines now holds and operates a certificate of convenience and necessity from Houston to Corpus Christi over State Highway No. 3 from Houston to Rosenburg, over State Highway No. 12 from Rosenburg to Victoria, over State Highway No. 128 from Victoria to Sinton, and over State Highway No. 16 from Sinton to Corpus Christi. He is authorized to serve all intermediate points over this route. The route thus travelled is a very congested one, especially between Houston and Rosenburg. The certificate holder has requested of the Commission a re-routing in part of his line which would authorize him to operate as follows: All through shipments between Houston and Corpus Christi and vice versa would be carried over State Highway No. 35, known as the "Hug the Coast Highway," and no services would be rendered over said State Highway No. 35 at any point between Houston and Corpus Christi. He would retain his old route only for the purpose of serving points intermediate between Houston and Corpus Christi on that route and would not carry through shipments between Houston and Rosenburg over the old route. You are advised that State Highway No. 35 is now traveled only about half as much as the route over which Robinson now goes. It is also represented that the distance between Houston and Corpus Christi over State Highway No. 35 is about 26 miles farther than the old route travelled by Robinson, although he will be able to make the distance about an hour and half quicker, due probably to the fact that on the new route he will not be stopping to serve intermediate points.

The Railroad Commission will hold a hearing upon such application for a re-routing but at such hearing it is proposed to exclude and and hear no evidence upon questions of public necessity and convenience and the inadequacy of the existing transportation facilities

between Houston and Corpus Christi.  You request our opinion as
to whether the Railroad Commission would have the authority, after
such a hearing, and if the above facts are found to be true, to
grant the application.

In the case of Railroad Commission vs. Red Arrow Freight Lines, 96
S. W. (2d) 735, before the Austin Court of Civil Appeals, the facts
involved were briefly there:  H.H. Lawler became the owner by pur-
chase of two certificates of convenience and necessity, one to
operate from Houston to San Antonio and intermediate points and the
other from San Antonio to the Rio Grande Valley via Edinburg and
serving intermediate points.  He filed an application before the
Railroad Commission for a so-called re-routing to permit him to go
directly from Houston to Edinburg without serving intermediate
points on that route.  His theory was that he could already haul
freight from Houston to Edinburg and points beyond and vice versa,
going by San Antonio, and that no new service was, therefore, in-
volved.  It appeared in that case, however, that the new route was
about 120 miles shorter than the one by way of San Antonio and that
his service between Houston and Edinburg would be shortened about
30 hours.  Over the protest of competing carriers, the Railroad
Commission limited the hearing and its findings to the adequacy of
the Highways over which the re-routing was sought.  The trial court
sat aside the order of the Commission granting such re-routing and
the Commission appealed to the Court of Civil Appeals.  That court
affirmed the action of the trial court but its opinion was based
purely upon the proposition that the new route was so much shorter
and quicker that in fact the re-routing operated to inaugurate a
new direct service between Houston and Edinburg and thence into the
Valley, and that on account thereof, the Commission erred in not
requiring Lawler to show the need of such additional service and in
not also requiring him to show the inadequacy of existing facilities.
Since the judgment of the Court of Civil Appeals was based upon the
reasoning that the change of route would shorten Lawler's travel-
ing distance to substantially and make his service so much quicker
as in fact to constitute the inauguration of a new service, we be-
lieve it may be clearly inferred that the court's action would have
been different if the route had not been substantially shortened
and the service substantially quickened.  In the case before us the
new route will be 26 miles longer than the old one.  We do not be-
lieve that the mere fact that he will be able to make the new dis-
tance about an hour and a half quicker than the old one, on ac-
count of not stopping to serve intermediate points, is substantial
enough a change as to constitute a new service.  Subsection (c)
and the first paragraph of subsection (d) of Section 4 of Article
911b, Revised Civil Statutes, read as follows:

"(c) The Commission is further authorized and empowered and
it shall be its duty to supervise and regulate motor carriers
in all matters affecting the relationship between such motor
carriers and the shipping public that may be necessary in the
interest of the public.

"(d) The Commission is further authorized and empowered and it shall be its duty to supervise and regulate motor carriers in all matters whether specifically mentioned herein or not so as to carefully preserve, foster and regulate transportation and to relieve the existing and all future undue burdens on the highways arising by reason of the use of the highways by motor carriers, adjusting and administering its regulations in the interest of the public."

We do not believe that the advantages in competition to be gained by Robinson over competing carriers would be sufficient to off-set the right and power of the Commission to shift a part of the traffic from the over-burdened route heretofore travelled by Robinson to the new route. Our answer to your question is, therefore, in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
    Glenn R. Lewis
    Assistant

GRL;N;ml

APPROVED AUG. 19, 1939
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS